288 F.2d 186
 Saverio NASTA, Philip Romano, Daniel J. Wisniewsky, Alfred
Necklen, William J., Scheurer, James Sugrue, Felix
Meehan, Cornelius Boyle, Frank Rapcznski
and William Neely, Appellants,
v.
UNITED STATES of America, Appellee.
 No. 260, Docket 26136.
 United States Court of Appeals Second Circuit.
 Argued Feb. 17, 1961.
Decided March 27, 1961.
 
 Jacob Rassner, New York City, for appellants.
 Robert D. Klages, William H. Orrick, Jr., Asst. Atty. Gen., Morton S. Robson, U.S. Atty., New York City, Morton Hollander, Louis, E. Greco, Attorneys, Department of Justice, Washington, D.C., for United States.
 Before CLARK, SMITH and HAND, Circuit Judges.
 HAND, Circuit Judge.
 
 
 1
 The ten libellants filed a libel to recover for injuries to the skin and eyes suffered by them while at work on a ship of the United States, withdrawn from active service and in the possession of a contractor, to be conditioned for possible future service. Judge Knox tried the case, and dismissed the libel in an opinion, reported in 181 F.Supp. 906, which sets forth the facts at length. The libel contained two claims: (1) that the United States in delivering the ship to the contractor's employees implied that she was seaworthy: that is, safe for work to be done; and (2) that it owed to the libellants, as 'invited persons,' or 'business guests,' a duty to furnish them with a reasonably safe place to work. Both in the District Court and on appeal the first claim has been withdrawn, and there remains for our consideration only the respondent's failure to conform to the law of New Jersey where the ship was at the time of the injuries. Judge Knox stated the facts in detail, and the appellants do not suggest that his statement was in any respect either inaccurate or inadequate. We may therefore proceed at once to a discussion of the validity of the second claim.
 
 
 2
 It appears to us that the situation at bar was like that decided in West v. United States, 361 U.S. 118, 80 S.Ct. 189, 4 L.Ed.2d 161. Had it appeared that the substance, whatever it was, that caused the noxious fumes to fill the hold, had been put on the ship before she was delivered to the contractor, a question might arise whether the owner was not liable for failure to tell him what precautions should have been taken to provide against the dangers incident to the proposed repairs. However, we know nothing about what these dangers were, or indeed about what the substance was that produced the fumes. To hold that the owner had impliedly warranted to those, who worked upon her, that her condition was such as made it safe for them to do so, would have been equivalent to implying a warranty of seaworthiness pro tanto. The libellants were under a greater burden than only to show that they were injured while at work aboard, and that is really all that they did show.
 
 
 3
 Decree affirmed.